DANIEL J. SPRAGUE, Appellant, *v.* THE BARTHOLDI HOTEL COMPANY, Respondent.

*Staying a second action until costs of a prior action are paid.*

Where a suit to reform a contract and to recover damages for its breach as reformed, is a mere attempt by a change in form to accomplish a result which was theretofore attainable in a prior action, although in another court, brought by the same plaintiff to recover damages for a breach of an alleged oral contract, which resulted in a judgment against the plaintiff for costs, the rule, that where a second action is vexatiously brought the court will stay it until the costs of the prior action are paid, is applicable.

APPEAL by the plaintiff, Daniel J. Sprague, from an order of the Supreme Court made in the city of New York, and entered in the

68h 555
58a d315,
68h 555
79 AD 121

office of the clerk of the city and county of New York on the 20th day of October, 1892, staying the plaintiff from all proceedings in this action until ten days after payment by him to the defendant of judgments for costs recovered by the defendant against the plaintiff in an action in the Superior Court of the city of New York.

*J. N. Hayes*, for the appellant.

*C. P. Cowles*, for the respondent.

PER CURIAM:

For the reasons given in the opinion of the court below upon the decision of the motion resulting in the order appealed from, we think the order was right, and should be affirmed, with ten dollars costs and disbursements.

The said opinion of the court below (PATTERSON, J.) is as follows:

"This motion is one which should be granted. The simple statement of the case is that this plaintiff (Sprague) sued in the Superior Court to recover damages for the breach of a contract which he alleged to exist, and upon the establishment of which he would have been entitled to a recovery. That was an alleged oral contract, and the plaintiff was defeated, and judgment was rendered against him, which was affirmed, and a large bill of taxed costs accrued against him. He has now brought another action in this court in which he seeks to reform a certain alleged written contract by inserting therein matters which would create a liability (and they are substantially the same matters as those litigated in the other action), and after reforming the contracts, to recover damages for the breach thereof as reformed. All this matter of what the parties had agreed upon was evidently (in substance) gone over in the action in the Superior Court, and the present suit seems to be a mere attempt by a change of the scheme of the action, and the form in which it is instituted, to accomplish a result which has heretofore been attainable. Under such circumstances the rule of law is plain as effecting this motion, and that is, where a second action is vexatiously brought, the court will stay it until the costs of that prior action are paid. It is true that under the old practice a court of equity never required the payment of costs in an action of law which involved the same subject-matter as a condition of prosecution of a

suit in equity unless the suit was brought to vex the defendants. The books are full of cases on that point, but here, it seems to me, the case presented is of that character and clearly demands that the motion should be granted, with ten dollars costs. Order to be settled on two days' notice."

Present — Van Brunt, P. J., O'Brien and Ingraham, JJ.

Order affirmed, with ten dollars costs and disbursements.